# UNITED STATES BANKRUPTCY COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA
### PHILADELPHIA DIVISION

| | |
|---|---|
| **In re:**<br><br>Robin Keith Williams, Sr.,<br>    Debtor,<br><br>U.S. Bank Trust National Association, not in its individual capacity but solely as owner trustee for RCF 2 Acquisition Trust c/o U.S. Bank Trust National Association,<br><br>    Movant,<br><br>v.<br><br>Robin Keith Williams, Sr.,<br>    Debtor/Respondent,<br><br>KENNETH E. WEST, Esquire,<br>    Trustee/Respondent. | Bankruptcy No. 21-13376-amc<br><br>Chapter 13<br><br>Hearing Date: July 19, 2022<br>Hearing Time: 11:00am<br>Location: 900 Market Street, Suite 204, Philadelphia, PA 19107 |

**MOTION OF U.S. BANK TRUST NATIONAL ASSOCIATION, NOT IN ITS INDIVIDUAL CAPACITY BUT SOLELY AS OWNER TRUSTEE FOR RCF 2 ACQUISITION TRUST C/O U.S. BANK TRUST NATIONAL ASSOCIATION FOR RELIEF FROM THE AUTOMATIC STAY TO PERMIT U.S. BANK TRUST NATIONAL ASSOCIATION, NOT IN ITS INDIVIDUAL CAPACITY BUT SOLELY AS OWNER TRUSTEE FOR RCF 2 ACQUISITION TRUST C/O U.S. BANK TRUST NATIONAL ASSOCIATION TO FORECLOSE ON 6207 MORTON ST. PHILADELPHIA, PENNSYLVANIA 19144**

    Secured Creditor, U.S. Bank Trust National Association, not in its individual capacity but solely as owner trustee for RCF 2 Acquisition Trust c/o U.S. Bank Trust National Association, by and through the undersigned counsel, hereby moves this Court, pursuant to 11 U.S.C. § 362(d) and 11 U.S.C. § 1301, for a modification of the automatic stay provisions for cause, and, in support thereof, states the following:

    1. Debtor(s), Robin Keith Williams, Sr., filed a voluntary petition pursuant to Chapter 13 of

the United States Bankruptcy Code on December 23, 2021.

2. Jurisdiction of this cause is granted to the Bankruptcy Court pursuant to 28 U.S.C. § 1334, 11 U.S.C. § 362(d), Fed. R. Bankr. P. 4001(a), and all other applicable rules and statutes affecting the jurisdiction of the Bankruptcy Courts generally.

3. On June 1, 2007, Robin Williams and Karen Moore aka Karen Moore-Williams executed and delivered a Promissory Note ("Note") and Mortgage ("Mortgage") securing payment of the Note in the amount of $60,000.00 to Nationpoint, a Div. of FFFC, an Op. Sub. Of MLB&T Co., FSB. A true and correct copy of the Note is attached hereto as Exhibit "A."

4. The Mortgage was recorded on July 9, 2007 in Document Number 51730051 of the Public Records of Philadelphia County, Pennsylvania. A true and correct copy of the Mortgage is attached hereto as Exhibit "B."

5. The Mortgage was secured as a lien against the Property located at 6207 Morton St. Philadelphia, Pennsylvania 19144 ("the Property").

6. A loan modification was entered into on January 24, 2018, creating a new principal balance of $72,147.63. A true and correct copy of the Agreement is attached hereto as Exhibit "C."

7. The loan was lastly assigned to U.S. Bank Trust National Association, not in its individual capacity but solely as owner trustee for RCF 2 Acquisition Trust c/o U.S. Bank Trust National Association and same was recorded with the Philadelphia County Recorder of Deeds on June 2, 2022, as Instrument Number 54050123. A true and correct copy of the Assignment of Mortgage is attached hereto as Exhibit "D."

8. Based upon the Debtor(s)' Chapter 13 Plan (Docket No. 2), the Debtor intends to cure Secured Creditor's pre-petition arrearages within the Plan and is responsible for maintaining post-petition payments directly to Secured Creditor. A true and correct copy of the Chapter 13 Plan is attached hereto as Exhibit "E."

9. Co-Debtor, Karen Moore aka Karen Moore-Williams, is liable on and/or has secured the aforementioned debt with the Debtor(s).

10. Upon review of internal records, Debtor has failed to make the monthly post-petition payments of principal, interest, and escrow in the amount of $513.90 which came due on February 1, 2022 to June 1, 2022, respectively.

11. Thus, Debtor(s)' post-petition arrearage totaled the sum of $2,569.50 through June 30, 2022.

12. The current unpaid principal balance due under the loan documents is approximately $56,221.03. Movant's total claim amount, itemized below, is approximately $81,331.41. See Exhibit "F."

| | |
|---|---|
| Principal | $56,221.03 |
| Interest From 06/01/20 To 06/30/22 | $5,205.75 |
| Escrow/Impound Required | $5,548.93 |
| Deferred Amounts | $14,614.88 |
| Fees Currently Assessed | $254.72 |
| Less Unapplied Funds | ($513.90) |
| Payoff Funds Required | $81,331.41 |

13. According to the Debtor(s)' schedules, the value of the property is $186,900.00. A true and accurate copy of the Debtor(s)' Schedule A/B is attached hereto as Exhibit "G."

14. Under Section 362(d)(1) of the Code, the Court shall grant relief from the automatic stay and Co-Debtor stay for "cause" which includes a lack of adequate protection of an

interest in property. Sufficient "cause" for relief from the stay under Section 362(d)(1) and Co-Debtor stay pursuant to 11 U.S.C. § 1301 is established where a debtor has failed to make installment payments or payments due under a court-approved plan, on a secured debt, or where the Debtor(s) have no assets or equity in the Mortgaged Property.

15. As set forth herein, Debtor has defaulted on the secured obligation having failed to make all monthly post-petition installment payments.

16. As a result, cause exists pursuant to 11 U.S.C. § 362(d) and 11 U.S.C. § 1301 of the Code for this Honorable Court to grant relief from the automatic stay to allow Secured Creditor, its successor and/or assignees to pursue its state court remedies, including the filing of a foreclosure action.

17. Additionally, once the stay is terminated, the Debtor(s) will have minimal motivation to insure, preserve, or protect the collateral; therefore, Secured Creditor requests that the Court waive the 14-day stay period imposed by Fed.R.Bankr.P. 4001(a)(3).

**WHEREFORE**, Secured Creditor, prays this Honorable Court enter an order modifying the automatic stay under 11 U.S.C. § 362(d) and 11 U.S.C. § 1301 to permit U.S. Bank Trust National Association, not in its individual capacity but solely as owner trustee for RCF 2 Acquisition Trust c/o U.S. Bank Trust National Association to take any and all steps necessary to exercise any and all rights it may have in the collateral described herein, to gain possession of said collateral, to seek recovery of its reasonable attorneys' fees and costs incurred in this

//

//

//

proceeding, to waive the 14-day stay imposed by Fed.R.Bankr.P. 4001(a)(3), and for any such further relief as this Honorable Court deems just and appropriate.

Date: June 20, 2022

**Robertson, Anschutz, Schneid, Crane & Partners, PLLC**
Attorney for Secured Creditor
10700 Abbott's Bridge Rd., Suite 170
Duluth, GA  30097
Telephone: (470) 321-7112
By: /s/ Charles G. Wohlrab
Charles G. Wohlrab, Esquire
PA Bar Number  314532
Email: cwohlrab@raslg.com